Jessie M. McINTYRE, Appellant,

v.

Bob MILLIORN, Jr., Individually and as Independent Executor of the Estate of Alice E. Kyle, et al., Appellees.

No. 17961.

Court of Civil Appeals of Texas, Fort Worth.

May 4, 1978.

Norman & Bates, and Roger M. Norman, Fort Worth, for appellant.

Shannon, Gracey, Ratliff & Miller, and David E. Keltner, Fort Worth, for appellees.

## OPINION

SPURLOCK, Justice.

This is a will contest. Decedent, Alice E. Kyle, executed a will on March 14, 1972. She died on November 5, 1974. After the will was admitted to probate in the probate court of Tarrant County, Jessie McIntyre (appellant herein) brought contest wherein she alleged that decedent lacked testamentary capacity to execute the will. The appellees are the proponents of the will. The jury found that the decedent did have testamentary capacity at the time that she signed the will on March 14, 1972. From the probate court's judgment rendered upon the jury verdict, the contestant has perfected her appeal.

We affirm.

■ By her first point of error, appellant contends that the "Probate Court erred in excluding from evidence certain portions of the testimony of Dr. Herman Rose, via his deposition dated October 28, 1976, wherein he would have testified to the various aspects of Mrs. Kyle's physical condition, resulting in her deteriorating mental condition from March, 1971, through time of death, based on the objection that Dr. Rose's answers were not responsive to questions, when such objections were not made in writing before trial with notice to Contestant's counsel. (Germane to Paragraphs 3–16 in Contestant's Motion for New Trial, TR–39; SF 106, 247–260)."

In their brief, appellees contend that appellant's "first point of error is so broad and maltifarious (sic) that it does not direct the court of civil appeals' or the appellees' attention to the specific error allegedly made by the trial court." We agree that neither appellant's first point of error or argument attempt to designate the particular exclusion of evidence that she is complaining of and is deficient for that reason. Prior to its recent amendment effective January 1, 1978, Tex.R.Civ.P. 418(b) provided in part that the points in appellant's brief "will be sufficient if they direct the attention of the court to the error relied upon . . . ." (This same requirement has been preserved in Tex.R.Civ.P. 418(d), even after the recent amendment.) Appellant's first point of error is overruled. *Cooper v. Argonaut Insurance Co.*, 430 S.W.2d 35, 38 (Tex.Civ.App.— Dallas 1968, writ ref'd n. r. e.).

■ By her second point of error, appellant basically contends that the probate court "erred in excluding from evidence the testimony of Dr. Rose in his supplemental deposition dated 9th of February, 1977, wherein he would have testified that . . . (decedent) on November 22, 1971, did not have sufficient mental ability to: understand the effects of making her Will on that date; understand the business in which she was engaged in making her Will; manage her property; have memory to collect in her mind the elements of the business of making a Will, and hold them in her mind long enough to perceive their obvious relation to each other, and be able to form a reasonable judgment as to the business of making a Will; based on the objection that Contestant's pleadings did not permit introduction into evidence of a 1971 Will . . . ."

The probate court had sustained appellees' special exceptions to appellant's first amended original petition concerning an alleged 1971 will. As the probate court mentioned out of the presence of the jury, the appellant had withdrawn his motion for continuance on the basis that the 1971 will would not be considered for any purpose.

The relevant inquiry in a will contest case based upon testamentary incapacity is the condition of the testatrix's mind on the day that the will was executed. *Lee v. Lee*, 424 S.W.2d 609 (Tex.1968). The will in the case before us was executed on March 14, 1972. Dr. Rose's supplemental deposition dealt with whether testatrix had testamentary capacity on November 22, 1971. Dr. Rose's supplemental deposition is before us in the form of a bill of exceptions. There is nothing in his supplemental deposition which ties testatrix's testamentary capacity on November 22, 1971, to her testamentary capacity on March 14, 1972, the relevant date of inquiry. Appellant's second point of error is overruled.

By her third and fourth points of error, appellant contends that the probate court erred in excluding her testimony, wherein she would have testified about her observations, transactions and conversations with testatrix and wherein she would have testified that in her opinion the testatrix lacked the requisite testamentary capacity to make a will.

Tex.Rev.Civ.Stat.Ann. art. 3716 (1926), commonly known as the Dead Man's Statute, provides in part that:

> "In actions by or against executors, . . neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, . . unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

Appellant sought to testify at the trial of the will contest. She argues that appellees had waived the protection of the Dead Man's Statute, by taking her deposition in a separate lawsuit pending in the 96th district court concerning ownership of certificates of deposits. Appellant and appellees agree that there is no Texas case whereby a litigant has been held to have waived the protection of the Dead Man's Statute by his actions in a separate lawsuit. We hold that there has not been a waiver of the Dead Man's Statute by virtue of the deposition taken in the 96th district court, particularly in view of the fact that there was not a complete identity of parties involved in the two separate lawsuits in different courts.

By her fifth and sixth points of error, appellant basically contends that the probate court erred in admitting into evidence the order admitting the will of testatrix to probate, because the said order was irrelevant and contained the statement that the testatrix was of sound mind.

In examining the statement of facts on this point, we note that appellant's attorney made the following objection:

> "Your Honor, I'll object to this line of questioning. It has nothing to do with the issue of testamentary capacity, and mentioning the appointment of the Independent Executor is immaterial, prejudicial, and should not be considered."

Then, appellant's attorney made the following objection:

> "Your Honor, in the interest of saving time, I'd like to state that I'm making a continuing objection to the appointment of the Executor and probating the will, and I'll not raise the right to make any further objections."

When appellees actually offered the court's order admitting the will to probate, the judge asked: "Is there objection?" Appellant's attorney responded: "The same." The court responded: "Overruled." Then, without further objection, appellee's attorney read the order to the jury.

Appellant's original objection complained only that the mentioning of the appointment of the Independent Executor was immaterial and prejudicial. Such an objection does not complain of the reading to the jury of the order admitting testatrix's will to probate. In the absence of a proper objection, the error (if any) was waived. 56 Tex.Jur.2d *Trial* § 158 (1964). We overrule the appellant's fifth and sixth points of error.

The judgment of the probate court is affirmed.